J-S01001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TIMMY SAM GRAY | : | |
| | : | |
| Appellant | : | No. 1210 MDA 2016 |

Appeal from the PCRA Order July 5, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001778-2015

BEFORE: GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED JANUARY 20, 2017**

Appellant, Timmy Sam Gray, appeals *pro se* from the order entered in the Franklin County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On October 21, 2015, Appellant entered a negotiated guilty plea to failure to comply with registration requirements (**see** 18 Pa.C.S.A. § 4915.1(a)(2)), in exchange for an agreed-upon sentence of 27-54 months' imprisonment, concurrent to another sentence Appellant was serving. Appellant executed a written guilty plea colloquy confirming the terms of the agreement, and the court held an oral guilty plea colloquy. During the oral colloquy, Appellant expressly admitted his guilt by stating he had moved in with his girlfriend without notifying his supervising officer and had failed to update his new address with the police, despite his obligation to do so. At

the conclusion of the guilty plea hearing, the court accepted Appellant's guilty plea as knowing, intelligent, and voluntary, and imposed the negotiated sentence. Appellant did not file post-sentence motions or a direct appeal. On April 25, 2016, Appellant timely filed a PCRA petition, claiming his conviction was unlawful because he had timely updated his new address with the police. The court appointed counsel, who filed a **Turner**/**Finley**[1] no-merit letter and motion to withdraw on June 10, 2016. On June 14, 2016, the court granted counsel's motion and issued Pa.R.Crim.P. 907 notice. Appellant filed a *pro se* response on June 22, 2016, requesting an evidentiary hearing. On July 5, 2016, the court denied PCRA relief. Appellant timely filed a *pro se* notice of appeal on July 20, 2016. On July 22, 2016, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant requested an extension of time, which the court granted on August 18, 2016, allowing Appellant an additional 14 days to file his concise statement. To date, Appellant has not filed a concise statement.

Preliminarily, "to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925. [As a general rule, a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." **Commonwealth v. Castillo**, 585 Pa. 395, 403, 888 A.2d 775,

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

780 (2005) (quoting **Commonwealth v. Lord**, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)).  Instantly, Appellant is *pro se* on appeal.  On July 22, 2016, the court ordered him to file a Rule 1925(b) statement.  The court granted Appellant an extension of time to file his concise statement, but he failed to comply with the court's extension order.  To date, Appellant has not filed a Rule 1925(b) statement.  Consequently, we deem Appellant's issue(s) waived.[2]  **See Castillo, supra**; **Lord, supra**.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/20/2017

---

[2] Appellant claims for the first time on appeal that the court lacked statutory authorization for the sentence imposed because the court failed to cite the relevant statute in the sentencing order.  To the extent this new claim might constitute a non-waivable challenge to the legality of Appellant's sentence, the record belies this assertion.  The sentencing order expressly states Appellant's conviction and sentence falls under Section 4915.1.